USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/14/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EGYPTIAN CANADIAN CO. et al.,

                    Plaintiffs,

– against –

SCOPE IMPORTS INC. et al.,

                    Defendants.

18-CV-2713 (KHP)

OPINION AND ORDER REGARDING DEFENDANTS' MOTION TO AMEND THEIR ANSWER

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Defendants Scope Imports Inc. and Jemma Apparel Inc. seek to amend their Answer and assert what they characterize as compulsory counterclaims against Plaintiffs. For the reasons discussed below, Defendants' Motion (Doc. No. 39) is denied.

## BACKGROUND

      Plaintiffs Egyptian Canadian Co. and HGM Fashion are companies based in Giza, Egypt. Defendants are U.S. businesses that import and sell apparel. The parties entered into a business relationship in or about 2013, and Plaintiffs began to supply various garments and related products to Defendants. In or about 2016, a dispute arose between the parties because Defendants failed to fully pay an invoice totaling $218,264.56 for goods shipped and received. According to Plaintiffs, Defendants owe them approximately $140,000. Yet, Defendants contend that no monies are owed because they allegedly informed Plaintiffs that they were not going to pay the full balance of that invoice because the goods were shipped late, of poor quality, and inadequately packed, resulting in Defendants incurring losses by way of charge-backs, refusal of goods or returned goods. According to Defendants, Plaintiffs agreed to

deduct $143,264.56 from the total amount due, leaving a remaining balance of $75,000, which Defendants paid (the "Settlement Agreement"). Plaintiffs maintain that there was no Settlement Agreement and the remainder of the balance remains due.

On March 27, 2018, Plaintiffs filed this suit asserting claims for breach of contract and an accounting. On June 14, 2018, Defendants filed their Answer denying all material allegations in the Complaint and asserting five affirmative defenses, including accord and satisfaction, and setting forth the facts of the alleged Settlement Agreement. The original case management plan required fact discovery to be completed by December 14, 2018 and expert discovery to be completed by January 31, 2019. It also required amended pleadings, if any, to be made by no later than September 19, 2018.[1] In January of 2019, Defendants alerted the Court that they wished to add counterclaims against Plaintiffs. The counterclaims they wish to add are for breach of the alleged Settlement Agreement, unjust enrichment arising from Plaintiffs' shipment of poor quality goods and/or negligent shipment of goods, and fraudulent and negligent representation in connection with the Settlement negotiations.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 13 provides that:

> A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
>
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

---

[1] Discovery deadlines were subsequently extended.

Fed. R. Civ. P. 13(a).  Federal Rules of Civil Procedure 15 and 16, however, govern when a party seeks to add a counterclaim.  Fed. R. Civ. P. 13 advisory committee's note to 2009 amendment; *see also* Fed. R. Civ. P. 15 and 16.  Under Rule 15(a)(1) of the Federal Rules of Civil Procedure:

> [A] party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

"In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has explained that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (citation and internal quotation marks omitted). Under Rule 15, leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility . . . ." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, where, as here, there is a scheduling order in place that establishes a deadline for seeking leave to amend, "the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (citation and internal quotation marks omitted); *Classicberry Ltd. v. Musicmaker.com, Inc.*, 48 F. App'x 360, 362 (2d Cir. 2002) (affirming denial of defendant's motion to amend their answer after the cut-off to amend the pleadings); *see also* Fed. R. Civ. P. 16(b)(4) (a scheduling order "may be modified only for good cause and with the judge's consent"). Whether good cause exists under Rule 16(b) turns on the "diligence of the

moving party." *Holmes*, 568 F.3d at 335 (citation and internal quotation marks omitted); *see also Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (to show good cause, moving party must demonstrate that "despite its having exercised diligence, the applicable deadline could not have been reasonably met" (citation and internal quotation marks omitted)).

**DISCUSSION**

The principle reason the Court is denying Defendants' Motion to Amend is their lack of diligence. The facts underlying the purported counterclaims were fully known to Defendants at the time they filed their Answer—a full three months prior to the deadline for amending the pleadings. Indeed, Defendants included the facts underlying the proposed counterclaims in their affirmative defenses. *Weider Health and Fitness v. Austex Oil Ltd.*, 17 Civ. 2089 (RMB) (OTW), 2018 WL 5919521, at *2 (S.D.N.Y. Nov. 13, 2018) (affirming decision denying leave to add counterclaim because, among other things, the proposed amendment rested on information known in advance of the deadline to file amended pleadings). The party seeking to amend "must show that, despite its having exercised diligence, the applicable deadline could not reasonably have been met." *Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05 cv 3749(KMW)(DCF), 2009 WL 3467756, at *2 (S.D.N.Y. Oct. 28, 2009). This standard clearly has not been met. *Ramsay-Nobles v. Keyser*, 16 Civ. 5778(CM), 2018 WL 6985228, at *7 (S.D.N.Y. Dec. 18, 2018) ("[A] trial court may choose to apply the good cause standard and consider only the moving party's diligence" but has discretion to consider factors that are typically part of the Rule 15(a) analysis (internal quotation marks and citation omitted)).

Defendants' only excuse for failing to amend appears to be their belief that Plaintiffs would consent to a late amendment and that the parties were engaged in settlement discussions up until

4

October 30, 2018. This is not an adequate excuse and does not address whether Defendants could have met the deadline for amending the pleadings. *Sokol Holdings, Inc.*, 2009 WL 3467756, at *2. Defendants also argue that allowing the amendment will not cause additional delay in this action because the parties have not completed discovery. However, at a conference before this Court on May 13, 2019, the Court learned that Defendants had not responded to Plaintiffs' requests for depositions and that Defendants have conducted no real discovery, notwithstanding the Court's scheduling order. Defendants' failure to participate meaningfully in discovery cannot provide the basis for their late-filed request to amend. *Ramsay-Nobles*, 2018 WL 6985228, at *10–11 (explaining that the party seeking to amend its pleading must explain any delay and also noting that Defendants' counsel's failure to adhere to discovery deadlines caused delay). Likewise, this excuse does not address why Defendants could not have met the deadline for amending the pleadings. *Id.* In sum, Defendants have failed to demonstrate good cause for the Court to permit the amendment.

Plaintiffs brought this simple action to collect on an unpaid invoice. The case has been pending a year without resolution. Further delay is not only unfair but unwarranted when the key facts were known to Defendants at the start of this action. *Id*. at *7 ("Justice does not require that Defendants be permitted, at this late date and after discovery, to assert counterclaims of which they were fully aware from the date this Complaint was filed.").

Additionally, Plaintiffs characterize the counterclaims as affirmative defenses which were already pled. This Court agrees. Under New York law, an "accord and satisfaction is a form of contract whereby one party agrees to give or perform, and the other party agrees to accept, what is offered in settlement of an outstanding claim." *First Sec. Mortg. Co. v. Goldmark Plastics Compounds, Inc.*, 862 F. Supp. 918, 934 (E.D.N.Y 1994) (internal quotation marks and citation

omitted). "Because it is an independent contract, an accord and satisfaction requires a meeting of the minds." *Id*. (internal quotation marks and citation omitted). The defendant bears the burden of presenting the accord and satisfaction defense, including all essential elements. *See Alentino, Ltd. v. Chenson Enterprises, Inc.*, 938 F.2d 26, 28 (2d Cir. 1991) (citations omitted). Defendant already pled accord and satisfaction as an affirmative defense and can point to whatever evidence it wishes in connection with this defense. It also has indicated that Plaintiffs failed to perform under the Settlement Agreement—another defense to its non-payment of the full invoice. Thus, Defendants are not prejudiced by this Court's decision. Moreover, Defendants are not precluded from bringing new claims against Plaintiffs in connection with conduct related to the provision of other shipments not at issue in this case.

Finally, the Court agrees with Plaintiffs that Defendants' proposed counterclaims do not state viable stand-alone claims. The elements of an unjust enrichment claim under New York law are: (1) defendant was enriched; (2) at plaintiff's expense; and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover. *See, e.g., Clark v. Daby,* 300 A.D.2d 732, 732, 751 N.Y.S.2d 622, 623 (3rd Dep't 2002) (citation omitted). Here, Defendants offer no factual basis for such a claim. The only incident that occurred was that Plaintiffs shipped goods that Defendants thought were of poor quality or damaged, so Defendants paid less than the amount invoiced for those goods after reaching what they thought was an accord and satisfaction of the dispute with Plaintiffs.

Likewise, Defendants offer no facts to support claims for fraudulent or negligent misrepresentation. To state a claim for fraudulent misrepresentation under New York law, a plaintiff must show: "(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiffs thereby, (3) the plaintiffs reasonably relied upon the

representation, and (4) the plaintiffs suffered damage as a result of their reliance." *Swersky v. Dreyer & Traub,* 219 A.D.2d 321, 326, 643 N.Y.S.2d 33, 36 (1st Dep't 1996) (*citing Banque Arabe et Internationale D'Investissement v. Maryland Nat. Bank*, 57 F.3d 146, 153 (2d Cir. 1995)). Here, the alleged misrepresentation supposedly was made in the context of settling the dispute about the invoice and was that Plaintiffs would endeavor to ensure better quality goods and/or take better care in shipping items going forward. Defendants do not state what was false about this alleged misrepresentation or explain what damages they suffered.

Finally, to state a claim for negligent misrepresentation under New York law, a plaintiff must show that:

> (1) [T]he defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment.

*Hydro Investors, Inc. v. Trafalgar Power Inc.,* 227 F.3d 8, 20 (2d Cir. 2000) (citations omitted); *see also Plaza Penthouse LLP v. CPS 1 Realty LP,* 24 Misc.3d 1238(A), 2009 WL 2568734, at *4 (N.Y. Sup. Ct. Aug. 10, 2009) (negligent misrepresentation claims under New York law require a "special relationship of trust of confidence, which creates a duty for one party to impart correct information to another, the information given was false, and there was reasonable reliance upon the information given" (internal quotation marks and citation omitted)). Liability for negligent misrepresentation may be imposed "only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified." *Kimmell v. Schaefer,* 89 N.Y.2d 257, 263, 675 N.E.2d 450, 454 (1996); *see also Accusystems, Inc. v. Honeywell Info. Sys., Inc.,* 580 F. Supp.

7

474, 480 (S.D.N.Y. 1984) ("New York courts do not recognize a cause of action for negligent misrepresentation in the absence of some special relationship of trust or confidence between the parties."(citations omitted)).  Here, Defendants have not identified a misrepresentation that Plaintiffs made that they should have known was incorrect.  Nor have Defendants pleaded a special relationship between them and Plaintiffs sufficient to state a cause of action for negligent misrepresentation.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Amend is DENIED.  The Clerk of Court is respectfully requested to terminate the motion at Doc. No. 39.

**SO ORDERED.**

Dated:   May 14, 2019
         New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge